IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS, | 1:12-cv-01042-GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| S. TORRES, et al., | |
| Defendants. | ( #12) |

On August 21, 2013, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

2       In the present case, the court does not find the required exceptional circumstances. At this
3 early stage in the proceedings, the court cannot make a determination that plaintiff is likely to
4 succeed on the merits. Plaintiff's complaint awaits the Court's screening required under 28 U.S.C.
5 1915. Thus, to date the Court has not found any cognizable claims in plaintiff's complaint for
6 which to initiate service of process, and no other parties have yet appeared. The legal issue in this
7 case – whether defendants violated Plaintiff's constitutional rights when processing inmate appeals
8 – is not complex, and this court is faced with similar cases almost daily. Moreover, based on a
9 review of the record in this case, the Court does not find that plaintiff cannot adequately articulate
10 his claims. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion
11 at a later stage of the proceedings.

12       For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
13 DENIED, without prejudice.

14     IT IS SO ORDERED.

15     **Dated:   August 22, 2013**                **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28