UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>            Plaintiff,<br><br>     vs.<br><br>S. TORRES, et al.,<br><br>            Defendants. | 1:12-cv-01042-GSA-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983, WITH LEAVE TO FILE A HABEAS PETITION<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.     BACKGROUND**

David Andrews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 27, 2012.  (Doc. 1.)  On July 9, 2012, Plaintiff consented to Magistrate Judge jurisdiction pursuant 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's Complaint is now before the court for screening.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.    SUMMARY OF COMPLAINT

Plaintiff is presently in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison in Coalinga, California. The events at issue in the Complaint allegedly occurred at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendants S. Torres (Correctional Case Records Manager), J. Jones (Correctional Case Records Supervisor), C. Hebron (Correctional Counselor II), K. Allison (Warden), R. Pimentel

(Appeals Examiner), and D. Foston (Chief, Office of Appeals). All of the defendants were employed by the CDCR at the time of the events at issue. Plaintiff's factual allegations follow.

Plaintiff alleges that he is entitled to a Computation Review Hearing (CRH) applying CCR Title 15 § 3043 and crediting him with a 25% sentence reduction. Plaintiff alleges that on June 29, 2011, he submitted a form 602 inmate grievance requesting a CRH, and his request was denied by reviewers who intentionally used an incorrect interpretation of P.C. 2933.2, which is systematically used against minorities such as Plaintiff. Plaintiff contends that the 25% sentence reduction award is not prohibited by P.C. 2933.2, but the reviewers refuse to apply the reduction award because of Plaintiff's race. Plaintiff also alleges that defendants Pimentel and Foston acted fraudulently when responding to his appeals, because they stated in the Second and Third Level decisions that Plaintiff was afforded a CRH and provided a copy of the CDC form 1033 hearing decision, which is not true. Plaintiff seeks a hearing at which the applicable post sentence good behavior and participation credits are applied to his minimum parole eligibility date. He claims that non-minority inmates are not denied the application of the relevant state processes and procedures, but he has received different treatment because he is a minority.

On June 29, 2011, Plaintiff submitted a Form 602 inmate grievance requesting a hearing. On November 17, 2011, defendant Torres came to the door of Plaintiff's cell, waived the 602 form in the air and demanded to know what it was all about. Plaintiff explained that he wanted his post sentence good behavior credits applied to adjust his minimum parole eligibility date. Torres told Plaintiff that they (SATF staff) did not give "[Plaintiff's] kind" any type of credit and if he wanted credit he would have to "get it from Sacramento." (Compl, Doc. 1 at 14.) Plaintiff is African-American, and he contends that he was denied a hearing because of his race.

Plaintiff requests a nominal award of $1.00, costs of suit, and injunctive relief requiring that a Computation Review Hearing be scheduled at which his credits are applied and his minimum parole eligibility date is recalculated, and enjoining all CDC employees from retaliating against him for filing this lawsuit.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A. Habeas Corpus Claim

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. Heck, 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. Balisok, 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser, 411 U.S. at 500.

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. The Ninth Circuit applied the Balisok rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole. Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997). Because the claim necessarily implied the invalidity of the

plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. Id.

In the instant case, Plaintiff's core factual allegations are that he was denied due process because he was denied a Computation Review Hearing applying CCR Title 15 § 3043 and crediting him with a 25% sentence reduction.  Because Plaintiff's claim necessarily implies the invalidity of his present minimum parole eligibility date, success on the claim would reduce Plaintiff's sentence, invalidating the duration of Plaintiff's confinement.  Thus, Plaintiff's only federal remedy is a writ of habeas corpus.  Accordingly, Plaintiff shall be granted an opportunity to file a petition for writ of habeas corpus.

### B.     Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that prison officials intentionally misapplied P.C. 2933.2 to Plaintiff's conviction and miscalculated his minimum parole eligibility date, because of Plaintiff's race. Plaintiff bases this claim on defendant Torres' alleged statement that prison staff does not give any type of credit to "his kind."  (Compl. at 14.)  This allegation taken as true, without more, does not set forth "sufficient factual matter to state a claim to relief that is plausible on its face. Iqbal 556 U.S. at 678.  Mere verbal harassment or abuse, including the use of racial epithets,

does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff has not alleged facts demonstrating that he was discriminated against. Moreover, evidence found in Plaintiff's exhibits to the Complaint indicates that prison officials found Plaintiff ineligible for credits under CCR Title 15 § 3043 because he was convicted of second degree murder for an offense committed on 01/08/1999, and under PC 2933.2, persons convicted of murder committed on or after 06/03/1998 are not eligible to earn credit to reduce their minimum term. (Compl. at 31.)

Plaintiff has not alleged facts plausibly demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u> at 678-79; <u>Moss</u>, 572 F.3d at 969. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### C.      Inmate Appeals Process

Plaintiff alleges that defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." <u>Azeez</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. <u>Buckley</u>, 997 F.2d at 495. Thus, since he

has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable due process claim for the processing and/or reviewing of his 602 inmate appeals.

### D. State Law Claims

Plaintiff alleges that defendants failed to follow the rules, regulations, and policies of the CDCR when processing his inmate grievance. Plaintiff also alleges that defendants Pimentel and Foston acted fraudulently when responding to Plaintiff's appeals. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's claims for violation of rules, policies, and regulations, and for fraudulent conduct, fail.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Amended Complaint upon which relief may be granted under § 1983. The court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff shall be granted leave to file a petition for writ of habeas corpus, if he so wishes.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety for failure to state a claim upon which relief may be granted under § 1983, with leave to file a petition for writ of habeas corpus;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011);

///

3. If Plaintiff chooses to file a petition for writ of habeas corpus, it will be a new case, and Plaintiff should not refer back to this § 1983 case or case number. The Clerk will assign a new case number for the petition for writ of habeas corpus; and

4. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 7, 2014**                                **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE