UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>        Plaintiff,<br><br>   vs.<br><br>S. TORRES, et al.,<br><br>        Defendants. | 1:12-cv-01042-GSA-PC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br>(Doc. 1.)<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

**I.      BACKGROUND**

David Andrews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 27, 2012.  (Doc. 1.)  On July 9, 2012, Plaintiff consented to Magistrate Judge jurisdiction pursuant 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On May 8, 2014, the court dismissed this case without leave to amend for failure to state a claim under § 1983, with leave to file a habeas corpus petition, and entered judgment.

1

(Docs. 15, 16.) On May 21, 2014, Plaintiff appealed the judgment to the Ninth Circuit. (Doc. 17.)

On March 2, 2015, the Ninth Circuit remanded the case to the district court, with instructions to allow Plaintiff to file an amended complaint. (Doc. 21.) The Ninth Circuit reversed the district court's dismissal of Plaintiff's § 1983 claims as Heck-barred, and affirmed the district court's dismissal of Plaintiff's equal protection and due process claims. (Doc. 21 at 2-3.) The Ninth Circuit also vacated the district court's decision declining to exercise jurisdiction over the pendent state law claims, to permit the district court to address the issue on remand. (Id. at 3.) On March 25, 2015, the Ninth Circuit entered the formal mandate. (Doc. 22.)

The court has reopened this case, and this action now proceeds on Plaintiff's original Complaint filed on June 27, 2012. (Doc. 1.) In light of the Ninth Circuit's decision, Plaintiff shall be granted leave to amend the complaint.

**II.     CONCLUSION AND ORDER**

Plaintiff is granted thirty days in which to file a First Amended Complaint in this action. Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule

220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

      Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is GRANTED leave to amend the complaint;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;
3. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:12-cv-01042-GSA-PC, and be an original signed under penalty of perjury;
4. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and
5. Plaintiff is warned that the failure to comply with this order may result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

   Dated:   **April 3, 2015**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE