# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. TORRES, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01042-BAM-PC<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL |

    Plaintiff David Andrews is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 6.) This matter currently proceeds on Plaintiff's first amended complaint against Defendants Hebron, Jones, and Torres for the denial of a computational review hearing.

    On August 31, 2016, Defendants filed a motion to dismiss Plaintiff's first amended complaint for the failure to state a claim, and on the basis of qualified immunity. (ECF No. 34.) On September 22, 2016, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 35.) In that notice, Plaintiff states that an initial parole consideration hearing was conducted on September 8, 2016, that it was almost a year late, but that "in the spirit of compromise and respecting judicial economy, barring any mistake, inadvertence, surprise or excusable neglect," he agrees to dismiss this action. (Id. at 1.)

On September 27, 2016, Defendants filed a stipulation of dismissal. Defendants state that their understanding is that the motion to dismiss does not preclude Plaintiff from voluntarily dismissing this action pursuant to Rule 41(a)(1)(A)(i). Nevertheless, in the alternative, Defendants also stipulate to a dismissal of this action under Rule 41(a)(1)(A)(ii).

"[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078. The filing of a motion to dismiss under Rule 12(b)(6) does not operate as an answer or motion for summary judgment for the purposes of Rule 41(a)(1), and does not trigger the application of Rule 41(a)(2), which provides for dismissal only by court order. See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration. Until the district court has so acted, a plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1).").

Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action, without prejudice, pursuant to Rule 41(a)(1). All pending motions are terminated.

IT IS SO ORDERED.

Dated:   **November 9, 2016**          /s/ *Barbara A. McAuliffe*          
                                        UNITED STATES MAGISTRATE JUDGE